UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| In re: Frank J. Nichol,<br>                Debtor(s). | Bankruptcy No. 08 B 19054<br>Chapter 7<br>Judge Manuel Barbosa |
|---|---|

## MEMORANDUM OPINION

This matter comes before the Court on the motion to avoid a judicial lien of creditor American Chartered Bank (the "Bank") filed by the Chapter 7 debtor Frank J. Nichol ("Debtor"), pursuant to 11 U.S.C. § 522, on December 2, 2008. For the reasons set forth herein, the Court finds that the Bank's liens may be avoided, except for $90,500.

## JURISDICTION AND PROCEDURE

The Court has jurisdiction to decide these matters pursuant to 28 U.S.C. § 1334 and Internal Operating Procedure 15(a) of the United States District Court for the Northern District of Illinois. They are core proceedings pursuant to 28 U.S.C. §§ 157(b)(2)(B), (F), (K).

## FACTS AND BACKGROUND

Debtor's judicial lien avoidance action involves a residential town home located at 708 King Henry Lane, St. Charles, Illinois and jointly owned by Debtor and his non-debtor spouse, Theresa Nichol, as tenants by the entireties.

The facts are not in dispute, but some background is in order. From 2002 through 2005, the Bank, an Illinois corporation, loaned several million dollars to two affiliated companies named S&N Leasing ("S&N") and Pro-Tech Plastics, Inc. ("Pro-Tech"). Specifically, on October 1, 2002, the Bank loaned S&N $1,850,000 through a promissory note ("Note 1") and, on December 22, 2005, the Bank loaned Pro-Tech $2,075,000 through a separate promissory note ("Note 2"). Debtor personally guaranteed both notes. S&N and Pro-Tech are no longer in

business, and, in February 2007, both companies assigned their assets to a trust for the creditors' benefit. S&N and Pro-Tech defaulted on Note 1 and 2. Therefore, Debtor allegedly owes the Bank $1,387,068.

In an order dated February 25, 2008, the Circuit Court of DuPage County, Illinois granted judgment of confession against Debtor and co-defendant Thomas J. Siwek for $1,387,068 on the Bank's two notes. In particular, the judgment order states, in paragraphs E and F:

> E. There is no just cause to delay enforcement and/or appeal of this order.
> F. Pre-judgment attorney's fees reserved.

On March 13, 2008, the Bank cited the February 25, 2008 judgment order and recorded a corresponding Memorandum of Judgment with the Kane County, Illinois recorder of deeds against Debtor and his properties in Kane County, Illinois.

On April 10, 2008, in state court, Debtor filed a motion to open judgment by confession. On July 7, 2008, the Bank served the Debtor with a citation to discover assets. On July 16, 2008, Debtor filed a motion to stay the citation hearing until after the state court ruled on Debtor's motion to open the confession judgment. Accordingly, the Circuit Court of DuPage County, Illinois continued both matters to July 24, 2008 for status and hearing.

On July 21, 2008, Debtor filed an additional motion to strike the Bank's supplemental proceedings and, in paragraphs 11 and 14, alleged that the February 25, 2008 confession judgment order was not final and enforceable because the order reserved the issue of attorney's fees, citing F.H. Prince & Co., Inc. v. Towers Fin. Corp., 640 N.E.2d 1313, 1317 (Ill. App. Ct. 1994).

After the July 24, 2008 hearing and in a written order of the same date, the Circuit Court of DuPage County, Illinois granted the Bank's oral motion to amend and strike paragraph "F" from the court's previous February 25, 2008 judgment order. In addition, the state court denied

Debtor's motion to strike the Bank's supplemental proceedings, but indicated that the Bank shall not execute on their judgment during the post-judgment supplemental proceedings.

On the same day as the hearing, Debtor Frank J. Nichol filed a Chapter 7 voluntary bankruptcy petition on July 24, 2008. Debtor claimed his residence as exempt on his bankruptcy petition in Schedule C in the amount of $15,000 pursuant to 735 Ill. Comp. Stat. 5/12-901 and valued the subject property at $250,000. According to Debtor's Schedules A and D, secured creditor Chase Bank has a $39,000 secured claim from April 2004 against the subject property. Moreover, Schedule A identifies that the property is held jointly by Debtor and his non-debtor spouse.

In an order dated October 20, 2008, the Court granted Debtor's discharge.

On December 2, 2008, Debtor filed a motion to avoid the Bank's lien against Debtor's real property, presumably pursuant to 11 U.S.C. § 522. Debtor states that 735 Ill. Comp. Stat. 5/12-101 governs the creation of valid judgment liens filed in the county recorder's office, if the judgment is final and enforceable, citing Northwest Diversified, Inc. v. Desai, 818 N.E.2d 753, 760-61 (Ill. App. Ct. 2004). Debtor asserts that the February 25, 2008 confession judgment order was not final and enforceable because the order reserved the issue of attorney's fees, citing F.H. Prince & Co., Inc., supra, 640 N.E.2d at 1317.

On January 8, 2008, the Bank filed a response to Debtor's motion to avoid lien. The Bank asserts that bankruptcy courts are courts of equity and Debtor's unclean hands prohibit the granting of Debtor's motion to avoid the lien, citing Shondel v. McDermott, 775 F.2d 859, 868 (7th Cir. 1985).

On January 22, 2008, Debtor filed a reply to the Bank's response and asserted that the Bank failed to present a defense to Debtor's motion. Thus, Debtor sought to avoid the judicial lien recorded on March 13, 2008.

## DISCUSSION

At issue is: (1) whether there is a valid and enforceable judicial lien on Debtor's property created by the confession judgment order dated February 25, 2008 and the associated memorandum of judgment recorded in the Kane County recorder's office on March 13, 2008; and (2) if there is a valid and enforceable judicial lien, to what extent this lien may be avoided.

Despite asserting no statutory authority or case law, Debtor presumably seeks to avoid the judgment lien on his 708 King Henry Lane, St. Charles, Illinois property, pursuant to 11 U.S.C. § 522(f)(1)(A) and 735 Ill. Comp. Stat. 5/12-112. Liens on exempt property may be avoided under 11 U.S.C. § 522(f)(1)(A) which provides that "the debtor may avoid the fixing of a [judicial] lien on an interest of the debtor in property to the extent that such lien impairs an exemption to which the debtor would have been entitled." In re Moreno, 352 B.R. 455, 458 (Bankr. N.D. Ill. 2006) (quoting 11 U.S.C. § 522(f)(1)(A)).

There are four requirements to avoid a judicial lien: (1) the lien the debtor seeks to avoid is a judicial lien; (2) the debtor claims an exemption in the property to which the debtor is entitled under § 522(b); (3) the creditor's lien impairs the debtor's exemption; and (4) the debtor has an interest in the property. Ibid. (citing In re Andres, 212 B.R. 306, 308 (Bankr. N.D. Ill. 1997)).

A judicial lien is defined as "obtained by judgment, levy, sequestration, or other legal or equitable process or proceeding." Id. at 459 (quoting 11 U.S.C. § 101(36)). A lien filed and recorded with respect to property held in tenancy by the entirety by a debtor and his non-debtor spouse fits this definition. Ibid. (citing In re Allard, 196 B.R. 402, 407 (Bankr. N.D. Ill. 1996), aff'd sub nom. Great Southern Co. v. Allard, 202 B.R. 938 (N.D. Ill. 1996)).

A judicial lien arises against entireties property and therefore the Bank obtained a lien to cover Debtor's interest in his residence even though he owns it with his non-filing spouse as

tenants by the entirety. Ibid. (citing In re Mukhi, 246 B.R. 859, 862 (Bankr. N.D. Ill. 2000) (explaining that while Illinois law provides with respect to homestead property that judgment liens never come into existence against the homestead interest, homestead cases may not be applicable to the issue of a judgment lien on entireties property because a judgment against one tenant holding property as tenants by the entirety may give rise to a lien against that individual tenant's contingent future interests in the property)). Moreover, exempt property is impaired when the sum of the lien, all other liens on the property, and the amount of the exemption that the debtor could claim if there were no liens on the property exceeds the value that the debtor's interest in the property would have in the absence of any liens. Ibid. (citing 11 U.S.C. § 522(f)(2)(A)).

Under 11 U.S.C. § 522(b), a debtor is allowed to exempt certain property from property of the bankruptcy estate. Ibid. (citing 11 U.S.C. § 522(b)). The Bankruptcy Code provides that a debtor may use the federal exemptions listed in 11 U.S.C. § 522(d), or the applicable state exemptions, unless state law provides otherwise. Ibid. In Illinois, debtors are required to use the state authorized exemptions. Ibid. (citing 735 Ill. Comp. Stat. 5/12-1201; In re Garcia, 149 B.R. 530, 533 (Bankr. N.D. Ill. 1993), aff'd, 155 B.R. 173 (N.D. Ill. 1993)). In Illinois, the debtor may only exempt property under Illinois law or under federal law other than 11 U.S.C. § 522(d). Ibid. (citing 735 Ill. Comp. Stat. 5/12-1201). Thus, in Illinois, when any debtor asserts as exempt his entire equity in entirety property, that claim should prevail. Ibid. (citing In re Mukhi, 246 B.R. 859, 863-64 (Bankr. N.D. Ill. 2000)).

Debtor claimed his residence as exempt on his bankruptcy petition in Schedule C in the amount of $15,000 pursuant to 735 Ill. Comp. Stat. 5/12-901. Debtor, however, failed to claim on Schedule C any amount exempt as property held in tenancy by the entirety pursuant to 735 Ill. Comp. Stat. 5/12-112. This failure to claim the subject property as exempt on that basis on his

schedules is irrelevant to the application of § 522(f). In re Moreno, supra, 352 B.R. at 460 (citing In re Johnson, 53 B.R. 919, 923 n.7 (Bankr. N.D. Ill. 1985), upon reconsideration, 57 B.R. 635 (1986)). A debtor can avoid a lien to the extent that it impairs an exemption to which the debtor is entitled to exempt under § 522(d), and, as a result, claiming the actual exemption is unnecessary. Ibid. (citations omitted). The purpose of claiming property exempt in bankruptcy schedules is to remove an asset from the reach of creditors. Ibid. (citing Fed. R. Bankr. P. 4003(a)). "The result of filing inadequate schedules of exempt property is a limitation on the value debtors may receive for exempt assets in those categories." Ibid. (quoting In re Rosenzweig, 245 B.R. 836, 841 (Bankr. N.D. Ill. 2000)).

If the judicial lien impairs an exemption to which Debtor is entitled, then the only remaining question is whether the underlying judicial lien is valid and enforceable. Enforcing judgments against real estate in Illinois is governed by section 12-101 of the Illinois Code of Civil Procedure. Northwest Diversified, Inc., supra, 818 N.E.2d at 760 (citing 735 Ill. Comp. Stat. 5/12-101). Specific guidelines of section 12-101 provide for the "creation of a judgment lien against the real estate of a debtor." Ibid. (quoting Dunn v. Thompson, 529 N.E.2d 297 (Ill. App. Ct. 1988)). A judgment lien is created once a "certified copy or memorandum of the judgment is filed in the office of the recorder in the county in which the real estate is located." Id. at 760-61 (quoting Dunn, supra, 529 N.E.2d at 297). Moreover, "[a] valid judgment, in order to create a lien, must possess two qualifications: (1) it must be final, valid, and for a definite amount of money; and (2) it must be such a judgment that execution may issue thereon." Id. at 761 (quoting Dunn, supra, 529 N.E.2d at 297). Thus, an enforceable judgment is required in order to have a judgment lien to levy upon. Ibid. (citing R. Ostler, Enforcing Judgments Against Real Estate in Illinois: A Step-By-Step Guide, 89 Ill. B.J. 234, 234-35 (2001)).

Section 12-101 further states that "a judgment is a lien on the real estate of the person

against whom it is entered . . . only from the time a . . . memorandum of the judgment is filed in the office of the recorder in the county in which the real estate is located." Ibid. (citing 735 Ill. Comp. Stat. 5/12-101). Therefore, in order to create a lien, there must be a recording of a memorandum of judgment and an enforceable judgment standing behind the memorandum. Ibid. (citing Dunn, 529 N.E.2d at 297).

If a trial court has jurisdiction to hear a claim for attorney's fees, any other judgment entered in the case before the claim for fees is ruled upon is or becomes nonfinal and nonappealable when the claim for fees is made, unless the prior judgment contains the language set forth in Illinois Supreme Court Rule 304(a), that there is no just reason to delay enforcement or appeal. F.H. Prince & Co., supra, 640 N.E.2d at 1317 (emphasis added).

Here, even though the February 25, 2008 confession judgment order reserved judgment on attorney's fees, the pre-petition judicial lien was final and enforceable because the order expressly stated that there was no just reason to delay enforcement or appeal, pursuant to Illinois Supreme Court Rule 304(a). F.H. Prince & Co., supra, 640 N.E.2d at 1317. Moreover, the Bank's memorandum of the judgment, dated March 13, 2008, was properly filed pre-petition in the office of the recorder in the county in which the real estate was located. Northwest Diversified, Inc., supra, 818 N.E.2d at 760 (citing 735 Ill. Comp. Stat. 5/12-101). Debtor asserts that Debtor's bankruptcy case was filed on July 15, 2008 before an amended memorandum of judgment was signed by a DuPage County judge or recorded by the Kane County recorder of deeds. This is irrelevant. The February 25, 2008 confession judgment order and associated March 13, 2008 memorandum of the judgment was not vacated, and, therefore, any subsequent amendments to the memorandum have no effect on the original March 13, 2008 judgment memorandum. The state court judge, only in the interest of clarity, found that the Bank may submit an amended memorandum. On October 1, 2002, the Bank loaned S&N $1,850,000

through a promissory note ("Note 1") and, on December 22, 2005, the Bank loaned Pro-Tech $2,075,000 through a separate promissory note ("Note 2"). Debtor personally guaranteed both notes. When S&N and Pro-Tech defaulted on Notes 1 and 2, Debtor owed the Bank $1,387,068. Therefore, the Bank's $1,387,068 lien, as recorded in the Bank's memorandum of the judgment, dated March 13, 2008, and entered in state court in the February 25, 2008 confession judgment order, is a valid and enforceable judicial lien against Debtor.

Next, if the Court determines that there is a valid and enforceable creditor's judicial lien, then the Court must consider the merits and sufficiency of the Debtor's motion to avoid the creditor's lien. No time limit is prescribed in the Bankruptcy Code or in the Federal Rules of Bankruptcy Procedure for a debtor to bring a motion under § 522(f)(1) to avoid a judicial lien that impairs an exemption. In re Kelly, 350 B.R. 778, 787 (Bankr. N.D. Ill. 2006) (citing In re Dodge, 138 B.R. 602, 607 (Bankr. E.D. Cal. 1992)). Lien avoidance pursuant to § 522(f)(1) is available only when the judicial lien impairs an exemption pursuant to the mathematical formula set forth in § 522(f)(2)(A). Ibid. (citing In re Thomsen, 181 B.R. 1013, 1016 (Bankr. M.D. Ga. 1995)). Avoidance in whole or in part can occur when the amount due on account of the liens sought to be avoided, all other liens on the property, and the amount of the debtor's exemption "exceeds the value that the debtor's interest in the property would have in the absence of any liens" and thereby "impairs" the debtor's claimed exemption. Ibid. (quoting 11 U.S.C. § 522(f)(2)(A)(i)-(iii)).

Thus, for a court to determine if a judgment lien impairs an exemption, the following calculation must be utilized: add (i) the lien the debtor seeks to avoid, (ii) all other liens, and (iii) the exemption amount in the absence of other liens, and subtract the value of the debtor's interest in the property in the absence of all liens. Ibid. (citing 11 U.S.C. § 522(f)(2)(A)(i)-(iii); In re Vokac, 273 B.R. 553, 556 (Bankr. N.D. Ill. 2002); Thomsen, supra, 181 B.R. at 1016). Courts

have previously held that the plain meaning of the above-cited statutory language allows for partial avoidance of a judicial lien only to the extent that the lien partially impairs the debtor's exemption. Ibid. (Chapter 7); see also In re Vokac, supra, 273 B.R. at 556 (Chapter 13); Sheth v. Affiliated Realty & Mgmt. Co. (In re Sheth), 225 B.R. 913, 918 (Bankr. N.D. Ill. 1998) (Chapter 13). But see In re VanZant, 210 B.R. 1011 (Bankr. S.D. Ill. 1997) (holding that the entire lien is avoided in Chapter 7). The Sheth court further opined:

> when the property's value, minus the sum of (i) other liens, (ii) the exemption and (iii) the judicial lien, produces a negative number, this is the extent to which the lien should be avoided. This is the extent to which the exemption is impaired. It may be more or less than the face amount of the judicial lien and may result in a full or a partial avoidance of that lien.
>
> [Sheth, supra, 225 B.R. at 918.]

See also In re Kelly, supra, 350 B.R. at 787; In re Vokac, 273 B.R. at 556 (citing In re Silveira, 141 F.3d 34, 38 (1st Cir. 1998); Nelson v. Scala, 192 F.3d 32, 34 (1st Cir. 1999); In re Falvo, 227 B.R. 662, 666 (6th Cir. BAP 1998); In re Hanger, 217 B.R. 592, 595 (9th Cir. BAP 1997), aff'd, 196 F.3d 1292 (9th Cir. 1999); In re Cisneros, 257 B.R. 332, 335 (Bankr. D.N.M. 2000)).

When the property is jointly owned, certain liabilities are joint, and the debtor is solely liable for the subject lien, the court should adjust the general formula to account for the different liabilities. In re Kelly, supra, 350 B.R. at 787 (citing In re Nelson, 229 B.R. 262, 265 (Bankr. D. Me. 1998), aff'd, 192 F.3d 32 (1st Cir. 1999)).

According to his Schedules, Debtor valued the jointly-held real property at $250,000. Pursuant to 11 U.S.C. § 522(f)(A)(2), the Court determines the sum of the targeted judicial lien, all other liens, and the amount of the debtor's exemption. The targeted judicial lien is $1,387,068. The amount of all other liens secured by the subject property is $39,000. Debtor and his spouse are jointly and severally liable on this lien. Only Debtor, however, is obligated on the Bank's judicial lien of $1,387,068. Thus, the proper sum for the amount of "all other liens"

is the amount Debtor is obligated to pay, which is one-half of $39,000 ($19,500). Debtor's statutory homestead exemption, pursuant to 735 Ill. Comp. Stat. 5/12-901, is $15,000. The sum of the judicial lien ($1,387,068), all other liens on the property ($19,500), and the statutory exemption ($15,000) equals $1,421,568. This value exceeds Debtor's interest in the property ($125,000) by $1,296,568. According to the application of the formula provided in 11 U.S.C. § 522(f)(2)(A) to these facts, Debtor is entitled to avoidance in the amount of $1,296,568. See 11 U.S.C. § 522(f)(1)(A); In re Nelson, supra, 229 B.R. at 265. Therefore, the Bank's liens may be avoided except for $90,500 ($1,387,068 minus $1,296,568).

In more intuitive terms, the value of Debtor's interest in the property in this case is sufficient to cover the entire amount of his obligation on the mortgages, plus his claimed exemption, with $90,500 of equity to spare. Debtor's interest in the property is $125,000, and the amount of his obligation on the mortgages ($19,500) plus his statutory exemption ($15,000) is $34,500. He, thus, has $90,500 remaining after he pays his share of the unavoidable liens on the property. "Nothing in [section] 522(f)(1) or [section] 522(f)(2) may be read to require that this excess equity be preserved either for the debtor or the bankruptcy estate, rather than being made available for the partial satisfaction of a judicial lien." In re Nelson, supra, 229 B.R. at 266 (quoting In re Silveira, 141 F.3d 34, 38 (1st Cir. 1998)).

## CONCLUSION

For the foregoing reasons, the Court finds that the Bank's liens may be avoided, except for $90,500.

THEREFORE, IT IS ORDERED that

the foregoing constitutes findings of fact and conclusions of law as required by Fed. R. Civ. P. 52(a) and Fed. R. Bankr. P. 7052. A separate order shall be entered pursuant to Fed. R. Bankr. P. 9021 giving effect to the determinations reached herein.

DATE: February 6, 2009

The Honorable Manuel Barbosa
United States Bankruptcy Judge

## CERTIFICATE OF MAILING

The undersigned hereby certifies that the attached Memorandum Opinion has been served via First Class Mail on February 10, 2009 to the following:

Attorney Charles Myler
105 East Galena Blvd., 8th Floor
Aurora, IL 60505

Attorney Adam B. Rome
Levenfeld, Pearlstein, LLC
2 N LaSalle St, Suite 1300
Chicago, IL 60602

Attorney John S. Biallas
3N918 Sunrise Lane
St. Charles, Il 60174

*Mimi Kuczynski*
Mimi Kuczynski, Judicial Secretary