UNITED STATES BANKRUPTCY COURT
NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

In re: NICHOL, FRANK S. § Case No. 08-19054
§
§
Debtor(s) §

## TRUSTEE'S FINAL REPORT (TFR)

The undersigned trustee hereby makes this Final Report and states as follows:

1. The debtor filed a petition under Chapter 7 of the United States Bankruptcy Code on July 24, 2008. The undersigned trustee was appointed on July 24, 2008.

2. The trustee faithfully and properly fulfilled the duties enumerated in 11 U.S.C. §704.

3. All scheduled and known assets of the estate have been reduced to cash, released to the debtor as exempt property pursuant to 11 U.S.C. § 522, or have been or will be abandoned pursuant to 11 U.S.C. § 554. An individual estate property record and report showing the disposition of all property of the estate is attached as **Exhibit A**.

4. The trustee realized the gross receipts of         $     100,007.60

   Funds were disbursed in the following amounts:

   | | |
   |---|---:|
   | Administrative expenses | 0.00 |
   | Payments to creditors | 0.00 |
   | Non-estate funds paid to 3rd Parties | 0.00 |
   | Payments to the debtor | 0.00 |
   | Leaving a balance on hand of[1] | $ 100,007.60 |

The remaining funds are available for distribution.

5. Attached as **Exhibit B** is a cash receipts and disbursements record for each estate bank account.

6. The deadline for filing claims in this case was 01/06/2009. All claims of each class which will receive a distribution have been examined and any objections to the allowance of claims have been resolved. If applicable, a claims analysis, explaining why payment on any claim is not being made, is attached as **Exhibit C**.

7. The Trustee's proposed distribution is attached as **Exhibit D**.

---

[1] The balance of funds on hand in the estate may continue to earn interest until disbursed. The interest earned prior to disbursement will be distributed pro rata to creditors within each priority category. The trustee may receive additional compensation not to exceed the maximum compensation set forth under 11 U.S.C. § 326(a) on account of the disbursement of the additional interest.

UST Form 101-7-TFR (9/1/2009)

8. Pursuant to 11 U.S.C. § 326(a), the maximum compensation allowable to the trustee is $8,250.38. To the extent that additional interest is earned before case closing, the maximum compensation may increase.

The trustee has received $0.00 as interim compensation and now requests the sum of $8,250.38, for a total compensation of $8,250.38. In addition, the trustee received reimbursement for reasonable and necessary expenses in the amount of $0.00 and now requests reimbursement for expenses of $1,738.45, for total expenses of $1,738.45.

Pursuant to Fed R Bank P 5009, I hereby certify, under penalty of perjury, that the foregoing report is true and correct.

Date: 04/27/2010     By:/s/CHARLES J. MYLER
                                            Trustee

STATEMENT: This Uniform Form is associated with an open bankruptcy case, therefore, Paperwork Reduction Act exemption 5 C.F.R. § 1320.4(a)(2) applies.

Exhibit A
Page: 1

# Form 1
## Individual Estate Property Record and Report
## Asset Cases

Case Number: 08-19054  
Case Name: NICHOL, FRANK S.  

Trustee:    (330510)    CHARLES J. MYLER  
Filed (f) or Converted (c): 07/24/08 (f)  
§341(a) Meeting Date: 08/18/08  
Claims Bar Date: 01/06/09  

Period Ending: 04/26/10

| Ref. # | 1<br>Asset Description<br>(Scheduled And Unscheduled (u) Property) | 2<br>Petition/<br>Unscheduled<br>Values | 3<br>Estimated Net Value<br>(Value Determined By Trustee,<br>Less Liens, Exemptions,<br>and Other Costs) | 4<br>Property<br>Abandoned<br>OA=§554(a)<br>DA=§554(c) | 5<br>Sale/Funds<br>Received by<br>the Estate | 6<br>Asset Fully<br>Administered (FA)/<br>Gross Value of<br>Remaining Assets |
|---|---|---|---|---|---|---|
| 1 | Residence in St. Charles, IL | 250,000.00 | 0.00 | DA | 0.00 | FA |
| 2 | Cash on hand | 200.00 | 0.00 | DA | 0.00 | FA |
| 3 | Checking account | 500.00 | 0.00 | DA | 0.00 | FA |
| 4 | Household goods | 2,500.00 | 0.00 | DA | 0.00 | FA |
| 5 | Wearing apparel | 50.00 | 0.00 | DA | 0.00 | FA |
| 6 | Jewelry | 250.00 | 0.00 | DA | 0.00 | FA |
| 7 | Golf clubs | 150.00 | 0.00 | DA | 0.00 | FA |
| 8 | Term life insurance | 0.00 | 0.00 | DA | 0.00 | FA |
| 9 | IRA | 340,000.00 | 0.00 | DA | 0.00 | FA |
| 10 | 50% stock in ProTech Plastics | 0.00 | 0.00 | DA | 0.00 | FA |
| 11 | Equity interest in Naple FL golf club | 0.00 | 0.00 | DA | 0.00 | FA |
| 12 | Retainer paid to Atty. John Biallas (u) | 63,213.45 | 63,213.45 | | 63,213.45 | FA |
| 13 | Fraudulent conveyance (u) | Unknown | Unknown | | 36,786.55 | FA |
| Int | INTEREST (u) | Unknown | N/A | | 7.60 | Unknown |
| 14 | Assets    Totals (Excluding unknown values) | $656,863.45 | $63,213.45 | | $100,007.60 | $0.00 |

Major Activities Affecting Case Closing:

Trustee has received settlement in suit against former attorney for return of retainer; will file final report

Initial Projected Date Of Final Report (TFR):    December 31, 2008    Current Projected Date Of Final Report (TFR):    June 30, 2010

Exhibit B

## Form 2
### Cash Receipts And Disbursements Record

Page: 1

Case Number: 08-19054
Case Name: NICHOL, FRANK S.

Taxpayer ID #: **-***1631
Period Ending: 04/26/10

Trustee: CHARLES J. MYLER (330510)
Bank Name: JPMORGAN CHASE BANK, N.A.
Account: ***-*****77-65 - Money Market Account
Blanket Bond: $5,000,000.00 (per case limit)
Separate Bond: N/A

| 1 Trans. Date | 2 {Ref #}/ Check # | 3 Paid To / Received From | 4 Description of Transaction | T-Code | 5 Receipts $ | 6 Disbursements $ | 7 Money Market Account Balance |
|---|---|---|---|---|---|---|---|
| 02/08/10 | | Bochte, Kuzniar & Navigato | Settlement proceeds for attorney retainer action and fraudulent conveyance to spouse | | 100,000.00 | | 100,000.00 |
| | {13} | | Settlement proceeds  36,786.55 | 1241-000 | | | 100,000.00 |
| | {12} | | 63,213.45 | 1229-000 | | | 100,000.00 |
| 02/26/10 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 2.44 | | 100,002.44 |
| 03/31/10 | Int | JPMORGAN CHASE BANK, N.A. | Interest posting at 0.0500% | 1270-000 | 4.48 | | 100,006.92 |
| 04/06/10 | Int | JPMORGAN CHASE BANK, N.A. | Current Interest Rate is 0.0500% | 1270-000 | 0.68 | | 100,007.60 |
| 04/06/10 | | Wire out to BNYM account 9200******7765 | Wire out to BNYM account 9200******7765 | 9999-000 | -100,007.60 | | 0.00 |
| | | | ACCOUNT TOTALS | | 0.00 | 0.00 | $0.00 |
| | | | Less: Bank Transfers | | -100,007.60 | 0.00 | |
| | | | Subtotal | | 100,007.60 | 0.00 | |
| | | | Less: Payments to Debtors | | | 0.00 | |
| | | | NET Receipts / Disbursements | | $100,007.60 | $0.00 | |

Exhibit B

## Form 2
### Cash Receipts And Disbursements Record

Page: 2

| Case Number: | 08-19054 | | Trustee: | CHARLES J. MYLER (330510) |
|---|---|---|---|---|
| Case Name: | NICHOL, FRANK S. | | Bank Name: | The Bank of New York Mellon |
| | | | Account: | 9200-******77-65 - Money Market Account |
| Taxpayer ID #: | **-***1631 | | Blanket Bond: | $5,000,000.00 (per case limit) |
| Period Ending: | 04/26/10 | | Separate Bond: | N/A |

| 1 Trans. Date | 2 {Ref#} / Check# | 3 Paid To / Received From | 4 Description of Transaction | T-Code | 5 Receipts $ | 6 Disbursements $ | 7 Money Market Account Balance |
|---|---|---|---|---|---|---|---|
| 04/06/10 | | Wire in from JPMorgan Chase Bank, N.A. account *******7765 | Wire in from JPMorgan Chase Bank, N.A. account *******7765 | 9999-000 | 100,007.60 | | 100,007.60 |
| | | | ACCOUNT TOTALS | | 100,007.60 | 0.00 | $100,007.60 |
| | | | Less: Bank Transfers | | 100,007.60 | 0.00 | |
| | | | Subtotal | | 0.00 | 0.00 | |
| | | | Less: Payments to Debtors | | | 0.00 | |
| | | | NET Receipts / Disbursements | | $0.00 | $0.00 | |

Net Receipts: 100,007.60
Net Estate: $100,007.60

| TOTAL - ALL ACCOUNTS | Net Receipts | Net Disbursements | Account Balances |
|---|---|---|---|
| MMA # ***-*****77-65 | 100,007.60 | 0.00 | 0.00 |
| MMA # 9200-*****77-65 | 0.00 | 0.00 | 100,007.60 |
| | $100,007.60 | $0.00 | $100,007.60 |

TRUSTEE'S PROPOSED DISTRIBUTION

Exhibit D

Case No.: 08-19054
Case Name: NICHOL, FRANK S.
Trustee Name: CHARLES J. MYLER

Claims of secured creditors will be paid as follows:

*Claimant*                                                          *Proposed Payment*

                            N/A

Applications for chapter 7 fees and administrative expenses have been filed as follows:

| | *Reason/Applicant* | *Fees* | *Expenses* |
|---|---|---|---|
| *Trustee* | Charles J. Myler | $ 8,250.38 | $ 1,738.45 |
| *Attorney for trustee* | Myler, Ruddy & McTavish | $ 26,825.00 | $ |
| *Appraiser* | | $ | $ |
| *Auctioneer* | | $ | $ |
| *Accountant* | | $ | $ |
| *Special Attorney for trustee* | | $ | $ |
| *Charges,* | U.S. Bankruptcy Court | $ | $ |
| *Fees,* | United States Trustee | $ | $ |
| *Other* | | $ | $ |

Applications for prior chapter fees and administrative expenses have been filed as follows:

*Reason/Applicant*                    *Fees*                    *Expenses*

UST Form 101-7-TFR (9/1/2009)

| | | | |
|---|---|---|---|
| *Attorney for debtor* | _____ | $ _____ | $ _____ |
| *Attorney for* | _____ | $ _____ | $ _____ |
| *Accountant for* | _____ | $ _____ | $ _____ |
| *Appraiser for* | _____ | $ _____ | $ _____ |
| *Other* | _____ | $ _____ | $ _____ |

In addition to the expenses of administration listed above as may be allowed by the Court, priority claims totaling $0.00 must be paid in advance of any dividend to general (unsecured) creditors.

Allowed priority claims are:

| *Claim Number* | *Claimant* | *Allowed Amt. of Claim* | *Proposed Payment* |
|---|---|---|---|
| 2 -2 | INTERNAL REVENUE SERVICE | $ 0.00 | $ 0.00 |

The actual distribution to wage claimants included above, if any, will be the proposed payment less applicable withholding taxes (which will be remitted to the appropriate taxing authorities).

Timely claims of general (unsecured) creditors totaling $ 776,466.75 have been allowed and will be paid *pro rata* only after all allowed administrative and priority claims have been paid in full. The timely allowed general (unsecured) dividend is anticipated to be 8.1 percent.

Timely allowed general (unsecured) claims are as follows:

| *Claim Number* | *Claimant* | *Allowed Amt. of Claim* | *Proposed Payment* |
|---|---|---|---|
| 1 | American Chartered Bank c/o Adam B. Rome | $ 776,352.30 | $ 63,184.46 |
| 3 | Chase Bank USA NA | $ 114.45 | $ 9.31 |

Tardily filed claims of general (unsecured) creditors totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and timely filed general (unsecured) claims have been paid in full. The tardily filed claim dividend is anticipated to be 0.0 percent.

Tardily filed general (unsecured) claims are as follows:

| *Claim Number* | *Claimant* | *Allowed Amt. of Claim* | *Proposed Payment* |
|---|---|---|---|

UST Form 101-7-TFR (9/1/2009)

N/A

Subordinated unsecured claims for fines, penalties, forfeitures, or damages and claims ordered subordinated by the Court totaling $ 0.00 have been allowed and will be paid *pro rata* only after all allowed administrative, priority and general (unsecured) claims have been paid in full. The dividend for subordinated unsecured claims is anticipated to be 0.0 percent.

Subordinated unsecured claims for fines, penalties, forfeitures or damages and claims ordered subordinated by the Court are as follows:

*Claim Number    Claimant*                                *Allowed Amt. of Claim    Proposed Payment*

N/A

The amount of surplus returned to the debtor after payment of all claims and interest is $ 0.00.

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

*In Re:*                )    Chapter 7
                        )    Bankruptcy No. 08 B 19054
FRANK J. NICHOL,        )    Judge Manuel Barbosa
                        )
        Debtor(s).      )

## TRUSTEE'S APPLICATION FOR COMPENSATION AND EXPENSES

TO:  THE HONORABLE MANUEL BARBOSA, BANKRUPTCY JUDGE

NOW COMES Charles J. Myler, Trustee herein, pursuant to 11 U.S.C. §330, and requests $8,250.38 as compensation and $1,738.45 for reimbursement of expenses, $0.00 amount of which has previously been paid.

### I. COMPUTATION OF COMPENSATION

Total disbursements to parties in interest, excluding the Debtor, but including holders of secured claims are $100,007.60. Pursuant to 11 U.S.C. §326, compensation should be computed as follows:

| | |
|---|---|
| 25% of first $5,000.00 | $1,250.00 ($1250.00 max.) |
| 10% of next $45,000.00 | $4,500.00 ($4500.00 max.) |
| 5% of next $950,000.00 | $2,500.38 |
| 3% of balance | $0.00 |
| TOTAL COMPENSATION | $8,250.38 |

EXHIBIT E

II. TRUSTEE'S EXPENSES

| | |
|---|---|
| Copies | $0.00 |
| Postage | $1.83 |
| Long distance telephone | $0.00 |
| Fax transmission expense | $11.00 |
| Computer research | $1,556.20 |
| Mileage to Geneva | $19.40 |
| Transcript of first meeting | $94.75 |
| FedX charge | $12.42 |
| Blanket Bond | $42.85 |

TOTAL EXPENSES                $1,738.45

The undersigned certifies under penalty of perjury that no agreement or understanding exists between the undersigned and any other person for sharing of compensation prohibited by the Bankruptcy Code. No payments have previously been made or promised in any capacity in connection with the above case.

Executed this 28th day of April, 2010.

/s/ Charles J. Myler
Charles J. Myler, Trustee, ARDC# 20080602
105 E. Galena Blvd., 8th Floor
Aurora, IL 60505
(630) 897-8475

EXHIBIT F

IN THE UNITED STATES BANKRUPTCY COURT
FOR THE NORTHERN DISTRICT OF ILLINOIS
EASTERN DIVISION

| | | |
|---|---|---|
| In Re: | ) | Chapter 7 |
| | ) | Bankruptcy No. 08 B 19054 |
| FRANK J. NICHOL, | ) | Judge Manuel Barbosa |
| | ) | |
| Debtor(s). | ) | |

## APPLICATION OF TRUSTEE'S COUNSEL OR OTHER PROFESSIONALS FOR COMPENSATION AND REIMBURSEMENT OF EXPENSES

TO: HONORABLE MANUEL BARBOSA, BANKRUPTCY JUDGE

Myler, Ruddy & McTavish, counsel for the Trustee pursuant to 11 U.S.C. §330 and FRBP 2016 submits this application for compensation and reimbursement of expenses and represents to the Court as follows:

1. An order for relief under Chapter 7 was entered on July 24, 2008. This Court on October 9, 2008 authorized the employment of the Applicant to serve as counsel for the Trustee. Counsel has received $0 in previously awarded compensation and reimbursement of expenses.

2. Applicant requests $26,825.00 in compensation for 104.6 hours of services performed for the period August 29, 2008 through July 31, 2010, and reimbursement of actual expenses in the amount of $0.00.

3. A description of the nature of the services rendered by the Applicant is as follows: Trustee reviewed advance payment of $100,000.00 which debtor made to his attorneys prior to filing. Trustee counsel litigated said claim against Attorneys Bochte and Biallis with regard to fraudulent transfer. Trustee counsel also reviewed possible fraudulent transfers by debtor as a part of the recovery package. Trustee counsel eventually settled advanced retainer and fraudulent transfer for $100,000.00. Trustee counsel reviewed claims and assisted trustee in the preparation of this final report.

4. Attached as Exhibit "F" is an itemized statement of the legal services rendered.

The statement reflects the legal services rendered, the person who performed those services and a description of the work performed.

5. The time expended and services rendered by Applicant is summarized as follows:

| Attorney | Hours | Hourly Rate | Total |
|---|---|---|---|
| CJM | 30.00 | $375.00 | $8,250.00 |
| RGL | 17.80 | $250.00 | $4,450.00 |
| GAM | 56.30 | $250.00 | $14,075.00 |
| KM | .50 | $100.00 | $50.00 |

6. The categories and number of hours in which applicant performed services are as follows:

(1) Asset Analysis and Recovery: Identification and review of potential assets including causes of action and non-litigation recoveries - 14.8 hrs.

(2) Asset Disposition: Sales, leases (§365 matters), abandonment and related transaction work - 0 hrs.

(3) Business Operations: Issues related to debtor-in-possession operating in Chapter 11 such as employee, vendor, tenant issues and other similar problems - 0 hrs.

(4) Case Administration: Coordination and compliance activities, including preparation of statement of financial affairs; schedules; list of contracts; United States Trustee interim statements and operating reports; contacts with the United States Trustee; general creditor inquiries - 6.5 hrs.

(5) Claims Administration and Objections: Specific claim inquiries, bar date motions, analyses, objections and allowances of claims - 0 hrs.

(6) Employee Benefits/Pensions: Review issues such as severance, retention, 401K coverage and continuance of pension plan - 0 hrs.

(7) Fee/Employment Applications: Preparation of employment and fee applications and fee applications of others - 2.0 hrs.

(8) Fee/Employment Objections: Review of and objections to the employment and fee

applications of others - 0 hrs.

(9) Financing: Matters under §§361, 363 and 364 including cash collateral and secured claims; loan document analysis - 0 hrs.

(10) Litigation - 76.8 hrs.

(11) Meetings of Creditors: Preparing for and attending the conference of creditors, the §341(a) meeting, and other creditors' committee meetings - 4.5 hrs.

(12) Plan and Disclosure Statement: Formulation, presentation and confirmation, compliance with the plan confirmation order; related orders and rules; disbursement and case closing activities, except those related to the allowance and objection of claims - 0 hrs.

(13) Relief from Stay Proceedings: Matters relating to termination or continuation of automatic stay under §362 - 0 hrs.

    Total      104.6 hrs

7. Based on the nature, extent and value of services performed by the Applicant, the results achieved, and the costs of comparable services, the compensation and reimbursement of expenses sought are fair and reasonable

8. At all times during Applicant's representation of the Trustee, Applicant was a disinterested person and neither represented nor held an interest adverse to the estate with respect to matters on which Applicant was employed.

WHEREFORE, Applicant requests that it be awarded reasonable compensation of $26,825.00 and reimbursement of actual and necessary expenses of $0.00 for legal services rendered in this case.

DATE: April 28, 2010

RESPECTFULLY SUBMITTED,
Myler, Ruddy & McTavish
/s/ Charles J. Myler
Charles J. Myler, ARDC# 2008602

Myler, Ruddy & McTavish
105 East Galena Blvd.
8th Floor
Aurora, IL 6050

Invoice submitted to:
United States Trustee

April 26, 2010

In Reference To: Frank Nichol
08 19054

Invoice #17456

Professional Services

| Date | | Description | Category | Hours | Amount |
|---|---|---|---|---|---|
| 8/29/2008 | CJM | Telephone conference with John Bialias; telephone conference with Adam Rome, debtor attorney, re: documents to be produced at Sec. 341 meeting; review document list from Mr. Rome; email to Mr. Biallis with document list and additional items to be produced | 11 | 1.00 | 275.00 |
| 9/22/2008 | CJM | Research on self declared trust and Sec. 548(e)(1) as applying to this case | 1 | 2.00 | 550.00 |
| 9/23/2008 | CJM | Review advance payment retainer with A. McTavish; telephone conference with Aty. Adam Rome representing bank creditor re: retainer and other matters (1.5); conference with attorney for debtor, J. Biallis, to review documents produced by him; review of documents from Mr. Biallis (2.5) | 1 | 4.00 | 1,100.00 |
| 9/24/2008 | GAM | Review correspondence from Bochte and advance payment retainer agreement | 1 | 1.00 | 250.00 |
| 10/3/2008 | CJM | Prepare notice, motion and order to employ attorneys for trustee; file | 7 | 1.00 | 275.00 |
| 10/6/2008 | CJM | Prepare turnover petition; conference with A. McTavish | 1 | 2.50 | 687.50 |
| | GAM | Revised motion for turnover | 1 | 0.80 | 200.00 |
| 10/8/2008 | CJM | Prepare adversary complaint against Bochte using turnover petition as model; checking law on declaratory judgment in adversary | 10 | 2.50 | 687.50 |

EXHIBIT F

United States Trustee

Page    2

| Date | Atty | Description | Category | Hours | Amount |
|---|---|---|---|---|---|
| 10/9/2008 | CJM | Additional changes to adversary complaint against Bochte; telephone conference with Adam Rome | 10 | 1.00 | 275.00 |
| | RGL | In Geneva on motion to employ attorneys for trustee | 7 | 1.00 | 250.00 |
| 10/13/2008 | KM | Deliver 2 tapes from Sec. 341 meeting to At Your Service Secretarial for transcription | 11 | 0.50 | 50.00 |
| 10/17/2008 | CJM | Review transcription of Sec. 341 meeting tapes; email to Adam Rome, attorney for major creditor, together with invoice for same | 11 | 0.20 | 55.00 |
| 11/12/2008 | CJM | Telephone conference with debtor attorney re: Sec. 341 meeting; telephone call to A. Rome, creditor attorney, re: Sec. 341 meeting and results of his research (.8); review file re: possible preference (2.0) | 11 | 2.80 | 770.00 |
| 11/17/2008 | CJM | Prepare response to Bochte's affirmative response to debtor's adversary | 10 | 1.00 | 275.00 |
| 11/20/2008 | RGL | In Geneva for status hearing on Myler v. Bochte | 10 | 1.00 | 250.00 |
| 1/22/2009 | RGL | Travel to Geneva for status hearing on Myler v. Bochte | 10 | 1.20 | 300.00 |
| 1/28/2009 | RGL | Letter to John Biallis re: clarify dates of transfers to debtor spouse | 1 | 1.00 | 250.00 |
| 3/24/2009 | CJM | Research on debtor's prepetition transfer of retainer to attorneys and effect of In Re: Wagers and Lamie case (540 U.S. 526) | 1 | 1.50 | 412.50 |
| 5/14/2009 | RGL | Travel to Geneva for status on adversary | 10 | 1.00 | 250.00 |
| 7/16/2009 | RGL | Travel to Geneva for status hearing in Myler v. Bochte | 10 | 1.00 | 250.00 |
| 8/6/2009 | CJM | Research case vs. Bochte re: his retainer; review of two new cases | 10 | 1.00 | 275.00 |
| 8/20/2009 | RGL | Travel to Geneva for status hearing on Myler v. Bochte | 10 | 1.20 | 300.00 |
| 9/11/2009 | CJM | Review file re: transfer of funds to debtor spouse; conference with Alex McTavish; prepare preliminary complaint | 1 | 2.00 | 550.00 |
| 9/17/2009 | GAM | In Geneva for status hearing re settlement of adversary claim | 10 | 0.50 | 125.00 |
| 9/30/2009 | CJM | Review file re: objection to Bochte retainer; telephone conference with debtor attorney, J. Biallis, re: Bochte objection; telephone conference with Mr. Bochte re: his retainer and our objection; conference with A. McTavish and R. Larsen re: objection | 10 | 1.00 | 275.00 |

United States Trustee

Page    3

| Date | Atty | Description | Category | Hours | Amount |
|---|---|---|---|---|---|
| 10/5/2009 | GAM | Review docket | 10 | 1.00 | 250.00 |
|  | GAM | Review file re evidence of fraudulent transfers | 10 | 1.00 | 250.00 |
| 10/6/2009 | GAM | Review adversary complaint; review file documents re transfers of sale proceeds to nondebtor spouse (1.0); conference with RGL re background and current status of complaint for turnover and potential complaint for avoidance of fraudulent transfers (.5); online legal research re repayment of loans to insiders as fraudulent transfers (1.0) | 10 | 2.50 | 625.00 |
|  | RGL | Inter-office conference with A. McTavish re: Myler v. Bochte (.5); potential cause against wife and debtor (.5) | 10 | 1.00 | 250.00 |
| 10/9/2009 | GAM | Online research re §329 re duty of attorney to disclose compensation and court's jurisdiction to review reasonableness; Bankruptcy Rules 2016 and 2017 re requirement of disclosure of compensation and motion for review; research requirement that attorneys retention must be rendered in contemplation of or in connection with the bankruptcy case; payment of compensation as preference or fraudulent transfer | 10 | 6.00 | 1,500.00 |
| 10/12/2009 | GAM | Continue research re §329 review of compensation paid to Bochte & Kuzniar; review billing statements; review answer to complaint and reply to affirmative defense; attention to file | 10 | 2.00 | 500.00 |
| 10/15/2009 | RGL | Travel to Geneva for status hearing on Myler v. Bochte | 10 | 1.00 | 250.00 |
|  | GAM | Additional research re §329, Rule 2016(b) and return of fees | 10 | 0.50 | 125.00 |
| 10/21/2009 | GAM | Continued research re disgorgement of fees under §329 | 10 | 2.00 | 500.00 |
| 10/22/2009 | GAM | Review and organization of cases retrieved in support of §329 motion | 10 | 4.00 | 1,000.00 |
| 10/23/2009 | GAM | Additional research re cases in 7th Cir. defining "in contemplation of bankruptcy" | 10 | 1.00 | 250.00 |
| 11/2/2009 | GAM | Additional review of file and research; begin drafting §329 motion | 10 | 3.00 | 750.00 |
| 11/3/2009 | GAM | Additional research re advance payment retainer; drafting motion under section 329 for review and disgorgement of fees | 10 | 5.00 | 1,250.00 |

United States Trustee                                                                                               Page    4

| Date | Atty | Description | Category | Hours | Amount |
|---|---|---|---|---|---|
| 11/4/2009 | GAM | Continue drafting of section 329 motion and memorandum in support | 10 | 6.00 | 1,500.00 |
| 11/5/2009 | GAM | Complete first draft of motion under §329; conference with RGL re his review of motions; revisions and final draft | 10 | 5.00 | 1,250.00 |
| 11/6/2009 | GAM | Final revisions to motion and memorandum under §329; prepare notice of motion, exhibits and proposed order; file motion | 10 | 3.00 | 750.00 |
|  | CJM | Review notice to compel turnover against Bochte; conference with A. McTavish | 10 | 1.00 | 275.00 |
| 11/12/2009 | RGL | Travel to Geneva on motion for disgorgement against Bochte/Kuzniar | 10 | 1.30 | 325.00 |
| 12/9/2009 | RGL | Review Bochte response to motion for disgorgement of fees; discuss with Alex McTavish and Charles Myler | 10 | 1.00 | 250.00 |
| 12/17/2009 | RGL | Travel to Geneva for status hearing on Myler v. Bochte; adversary motion/motion for disgorgement | 10 | 1.30 | 325.00 |
|  | RGL | Inter-office conference with A. McTavish re: briefing schedule and results of today's hearing | 10 | 0.30 | 75.00 |
| 1/6/2010 | GAM | Review file re: retainer | 10 | 0.20 | 50.00 |
|  | GAM | Draft additional memo re jurisdiction of bankruptcy court over Bochte under Sec 329 | 10 | 3.50 | 875.00 |
|  | GAM | Review prior memo | 10 | 0.30 | 75.00 |
| 1/7/2010 | GAM | Additional revisions to memorandum in support of motion under §329; prepare notice of filing and file | 10 | 3.00 | 750.00 |
| 1/14/2010 | GAM | Letter re settlement demand to Bill Bochte | 10 | 0.30 | 75.00 |
| 1/18/2010 | GAM | Phone call with Bill Bochte re potential settlement (.2); conference with RGL and CJM re acceptance of settlement (.3); phone call to Bochte re acceptance | 10 | 0.60 | 150.00 |
| 1/19/2010 | GAM | E-mail to Bill Bochte confirming settlement | 10 | 0.20 | 50.00 |
| 1/27/2010 | GAM | Phone call with Bill Bochte re terms of settlement agreement (.2); conference with RGL re same (.2); review our GL's and Bochte's drafts of settlement agreement – revise (1.1) | 10 | 1.50 | 375.00 |
|  | RGL | Prepare motion to approve settlement with Bochte | 10 | 2.00 | 500.00 |
| 1/28/2010 | GAM | Complete revisions to settlement agreement; e-mail to Bochte (.6); review e-mail and additional revisions to settlement agreement by Bochte; insert comments and e-mail back to | 10 | 2.00 | 500.00 |

United States Trustee

Page   5

|  |  |  |  | Category | Hours | Amount |
|---|---|---|---|---|---|---|
| 1/29/2010 | GAM | Bochte for correction (.7); phone call with Bochte re revisions to settlement agreement (.2); final review and revisions to settlement agreement (.4; e-mail back to Bochte (.1) E-mail to Bochte re motion and proposed orders approving settlement and dismissing adversary | | 10 | 0.20 | 50.00 |
| 2/3/2010 | GAM | E-mail to Bochte re settlement payment | | 10 | 0.10 | 25.00 |
| 2/4/2010 | GAM | E-mail and phone call with Bochte re execution of settlement agreement and settlement payment | | 10 | 0.10 | 25.00 |
| 2/25/2010 | RGL | Travel to Geneva to approve compromise of Myler v. Botche, et al; dismiss adversary | | 10 | 1.30 | 325.00 |
| 3/23/2010 | RGL | Conference with debtor re: release given | | 10 | 0.20 | 50.00 |
| 4/26/2010 | CJM | Checking claims | | 4 | 1.50 | 412.50 |
| 4/30/2010 | CJM | Prepare final report | | 4 | 4.00 | 1,100.00 |
| 7/31/2010 | RGL | Travel to Geneva for hearing on final report (estimated) | | 4 | 1.00 | 250.00 |

TOTALS                                                                                104.6  $26,825.00